**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MUHAMMAD KHAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LOCKHEED MARTIN CORPORATION, JAMES D. TAICLET, EVAN T. SCOTT, and JESUS MALAVE, <br><br> Defendants. | Case No.: 1:25-cv-06197-MMG <br><br> Hon. Margaret M. Garnett |

**MEMORANDUM OF LAW IN SUPPORT OF ALEJANDRO VEGA'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND .................................................................................... 2

II.   PROCEDURAL HISTORY ................................................................................... 4

III.  ARGUMENT ........................................................................................................ 4

    A.   Appointing Movant as Lead Plaintiff Is Appropriate ..................................... 4

        1.   Movant Filed a Timely Motion. .............................................................. 5

        2.   Movant Has the Largest Financial Interest in the Relief Sought. ............. 6

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ........................ 7

            a.   Movant's Claims Are Typical. .......................................................... 7

            b.   Movant Is An Adequate Representative. ............................................ 8

    B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................... 9

IV.   CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................ 5, 6

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) .................................................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 8

*In re E-Trade Financial Corp.* Securuties Litigation,
  No. 07-cv-8538 (S.D.N.Y.) ..................................................................................................... 9

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) .............. 7

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................... 7

*Gurevitch v. KeyCorp, et al.,*
  No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) .................................................................... 10

*In re Hebron Tech. Co. Sec. Litig.,*
  C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 6

*Jaramillo v. Dish Network Corporation, et al.,*
  No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ........................................................................ 9

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) .................. 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
  No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ........................................................................ 10

*Petersen v. Stem, Inc. et. al.,*
  No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ...................................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
  No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ........................................................................ 10

*Solomon v. Peloton Interactive, Inc. et al.,*
  No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ........................................................................ 10

*In re Tesla Inc. Securities Litigation,*
  No. 3:18-cv-4865 (N.D. Cal.) ................................................................................................ 9

iii

*Thant v. Rain Oncology Inc. et al.*,
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .................................................................. 9

*Thant v. Veru, Inc. et al.*,
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)........................................................... 10

*In re U.S. Steel Securities Litigation,*
   No. 2:17-579-CB (W.D. Pa.) ..................................................................................... 9

*Villanueva v. Proterra Inc. et al.,*
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ........................................................... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 8

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23 ................................................................................................... 1, 5, 7

Alejandro Vega ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Lockheed Martin Corporation ("Lockheed Martin" or the "Company") securities between January 23, 2024 and July 21, 2025, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Lockheed Martin, James D. Taiclet ("Taiclet"), Evan T. Scott ("Scott"), and Jesus Malave ("Malave") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Lockheed Martin is an aerospace and defense company principally engaged in the research, design, development, manufacture, integration and sustainment of advanced technology systems, products and services. ¶ 2.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 9. Specifically, Defendants failed to disclose to investors: (1) that Lockheed Martin lacked effective internal controls regarding its purportedly risk adjusted contracts including the reporting of its risk adjusted profit booking rate; (2) that Lockheed Martin lacked effective procedures to perform reasonably accurate comprehensive reviews of program requirements, technical complexities, schedule, and risks; (3) that Lockheed Martin overstated its ability to deliver on its contract commitments in terms of cost, quality and schedule; (4) that, as a result, the Company was reasonably likely to report significant losses; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

Before the market opened on October 22, 2024, Lockheed Martin announced it was forced to recognize losses of $80 million on a classified program at the Company's Aeronautics business segment "due to higher than anticipated costs to achieve program objectives." ¶ 3. The Company

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Khan* Complaint") filed in the action styled *Khan v. Lockheed Martin Corporation, et. al.,* Case No. 1:25-cv-06197-MMG (the "*Khan* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Khan* Complaint. The facts set forth in the *Khan* Complaint are incorporated herein by reference.

also announced it had recognized a reach-forward loss in its Rotary and Mission Systems segment "as a result of additional quantity ordering risk identified on fixed-price options." *Id.*

Following these disclosures, Lockheed Martin's share price dropped $37.63 or 6.12% to close on October 22, 2024 at $576.98, on unusually heavy trading volume. ¶ 4.

Then, before the market opened on January 28, 2025, the Company announced it was forced to record pre-tax losses of ***$1.7 billion*** associated with classified programs at its Aeronautics and Missiles and Fire Control business. ¶ 5. Lockheed Martin explained "as a result of performance trends" and "in contemplation of near-term program milestones," it had "performed a comprehensive review of the program requirements, technical complexities, schedule, and risks" based on which it recognized $555 million of losses in its Aeronautics program. *Id.* They further reported additional losses of approximately $1.3 billion in its Missiles and Fire Control business due to, among other things, the "future requirements of the program, discussions with the customer and suppliers." *Id.* As a result, the Company's net earnings in 2024 were $5.3 billion, or $22.31 per share, compared to $6.9 billion, or $27.55 per share, in 2023. *Id.*

In response to this news, Lockheed Martin's share price declined 9.2%, or $46.24, to close at $457.45 on January 28, 2025 on unusually heavy trading volume. ¶ 6.

Then, before the market opened on July 22, 2025, Lockheed Martin disclosed it was forced to record an ***additional $1.6 billion in pre-tax losses*** on classified programs, including $950 million in losses related to its Aeronautics Classified program due to "***design, integration, and test challenges, as well as other performance issues***." ¶ 7. The Company also recorded $570 million in losses on its Canadian Maritime Helicopter Program due in part to providing "additional mission capabilities, enhanced logistical support, fleet life extension, and revised expectations regarding flight hours." *Id.* The Company further recorded a $95 million charge related to its Turkish Utility

3

Helicopter Program due to the "current status of the program." *Id.* As a result, Lockheed Martin reported sharply lower net earnings of $342 million, or $1.46 per share, including $1.6 billion of program losses and $169 million of other charges. *Id.*

As the market digested this news, the Company's share price fell 10.8%, or $49.79, to close on July 22, 2025 at $410.74, on unusually heavy trading volume. ¶ 8.

## II.      PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Khan* Action against the Defendants. Plaintiff Muhammad Khan ("Khan") commenced the first-filed action on July 28, 2025. On that same day, counsel acting on Khan's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.      ARGUMENT

### A.      Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the
> relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $14,878.04 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.   Movant Filed a Timely Motion.

On July 28, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Khan published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Lockheed Martin securities that they had 60 days from the publication of the July 28, 2025 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re*

*Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the July 28, 2025 Press Release and submitted herewith a sworn certification attaching his transactions in Lockheed Martin securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Lockheed Martin securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $14,878.04. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

#### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning

7

Lockheed Martin's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Lockheed Martin securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 15 years. He resides in Ocala, Florida, and possesses a Bachelor of Science in Biological Sciences, as well as a Doctor of Pharmacy degree (PharmD). Movant is currently employed as a pharmacist with Oracle, Corp. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

8

Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No.

9

3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: September 26, 2025                    Respectfully Submitted,

                                         **LEVI & KORSINSKY, LLP**

                                         By: */s/ Adam M. Apton*
                                         Adam M. Apton (AS-8383)
                                         33 Whitehall Street, 27th Floor
                                         New York, NY 10004
                                         Tel: (212) 363-7500
                                         Fax: (212) 363-7171
                                         Email: aapton@zlk.com

                                         *Lead Counsel for Alejandro Vega and*
                                         *[Proposed] Lead Counsel for the Class*

10

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Movant, certifies that this brief contains 2,920 words, which complies with the word limit of L.R. 7.1(c).

Executed on September 26, 2025.

/s/ Adam M. Apton
Adam M. Apton