**Exhibit C**

**JOINT DECLARATION OF AMY WOJCIECHOWSKI AND DANIEL J. GREENE IN SUPPORT OF THE MOTION OF LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND AND NEW ENGLAND TEAMSTERS PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. §1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of Local 705 International Brotherhood of Teamsters Pension Fund ("Local 705") and New England Teamsters Pension Fund ("New England Teamsters" and collectively the "Pension Funds") for appointment as Lead Plaintiff in the securities class action (the "Action") against Lockheed Martin Corporation ("Lockheed" or the "Company") and certain of its senior executives (collectively, "Defendants"), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of our selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are individually associated.

2. I, Amy Wojciechowski, am the Plan Administrator of Trustees for Local 705 and am authorized to make this declaration on Local 705's behalf. Local 705 is a defined benefit plan headquartered in Chicago, Illinois, with more than $1.8 billion in assets under management for the benefit of approximately 16,000 active and retired members and beneficiaries. As reflected in its certification, Local 705 purchased a significant amount of Lockheed securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. Local 705 is an institutional investor with significant experience supervising counsel and acting as a fiduciary. Local 705 understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

3. I, Daniel J. Greene, am the Executive Director of New England Teamsters and am authorized to make this declaration on New England Teamsters' behalf. Based in Burlington,

Massachusetts, New England Teamsters provides pension and other benefits for union members. New England Teamsters manages approximately $2 billion in assets for nearly 72,000 active and retired members and beneficiaries. As reflected in its certification, New England Teamsters purchased a significant amount of Lockheed securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. New England Teamsters is an institutional investor with significant experience supervising counsel and acting as a fiduciary. New England Teamsters understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.      Following the filing of the complaint, Labaton notified the Pension Funds of their losses in connection with the allegations and informed them of the firm's ongoing investigation into the matter. Thereafter, Labaton continued to provide the Pension Funds with updates regarding the investigation into the allegations against Defendants.

5.      After reviewing the findings of counsel's investigation, the Pension Funds decided to move for appointment as Lead Plaintiff in the Action. Our decision to seek appointment as Lead Plaintiff together was informed by a variety of factors, including the fact that we are each like-minded sophisticated institutional investors. Our choice is also informed by our experience serving as lead plaintiff both individually and as part of cohesive lead plaintiff groups. *See, e.g. In re Coventry Health Care, Inc. Sec. Litig.*, No. 09-cv-02337 (D. Md.) ($10 million recovery with New England Teamsters serving as Lead Plaintiff alongside another institutional investor); *In re Austin Cap. Mgmt., Ltd., Sec. & Emp. Ret. Income Sec. Act Litig.*, No. 09-md-02075 (S.D.N.Y.) ($6.85 million recovery with Local 705 serving as Lead Plaintiff alongside other institutional investors). Thus, we are familiar with the benefits of having multiple institutions serving in the lead plaintiff role, including the ability to confer, with and without counsel, regarding critical decisions such as whether to accept a settlement offer.

6.      Our decision to jointly move for appointment is also informed by the fact that we are each pension funds dedicated to serving out teamsters members and beneficiaries.  Our parallel experience and fiduciary responsibility ensure that we will be aligned and well-coordinated in litigating this lawsuit on behalf of ourselves and the Class.

7.      We are strongly motivated to recover the significant losses incurred as a result of the alleged violations of the federal securities laws.  Our primary goal in seeking appointment as Lead Plaintiff is to ensure that this litigation is supervised by experienced and sophisticated institutional investors and efficiently litigated by well-qualified counsel, to achieve the best possible recovery for all class members from all potentially culpable parties.  Furthermore, we believe it is important that the group of investors with the largest financial loss in the relief sought, that also meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23, be appointed Lead Plaintiff.

8.      We understand that the PSLRA and courts permit small, cohesive groups of investors to serve as lead plaintiff provided that those groups are able to direct the litigation in the best interests of the class.  To that end, we believe that in this case, a small group of two institutional investors fits these criteria, and we intend to prosecute the litigation in a collaborative and cohesive manner.  Because we have incurred significant losses as a result of the alleged misconduct and share the common goal of ensuring that this Action is prosecuted diligently, we believe that our joint prosecution of this litigation will benefit the class.

9.      In order to formalize our joint leadership of this Action, on September 25, 2025, representatives from each of the Pension Funds convened a joint conference call, during which the representatives discussed a number of matters, including: the allegations in the complaint; our counsel's proprietary investigative efforts into the alleged misconduct; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together

- 3 -

to jointly prosecute the litigation in a collaborative and cohesive manner; the advantages of having Labaton, experienced and well-regarded counsel, serve as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from our supervision of counsel. The representatives discussed our shared views that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this Action is litigated as zealously and efficiently as possible.

10.    We will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel in order to ensure that the litigation is prosecuted in the best interests of the class. We have established procedures for overseeing the progress of the litigation and communicating both separate and apart from and with counsel as necessary. For instance, we each have staff that will review major case filings. To effectuate this review, we have instructed counsel to provide drafts of major case filings, including amended pleadings and dispositive motions, for our review at least seven days before they are submitted. This will give the staff of each institution ample time to independently review these materials and communicate regarding any questions or concerns. We have also established a plan to conduct quarterly conference calls to stay up to date in our oversight of the litigation. We will also, as necessary, confer with and without counsel to ensure that we are able to make timely decisions. For instance, if and when Defendants make settlement offers related to the Action, we plan to discuss such offers both with and without counsel.

11.    We have directed counsel to advise us of all developments during the lead plaintiff motion process as well as to provide us with updates regarding counsel's ongoing investigation. We will continue to direct counsel and actively oversee the prosecution of this Action for the benefit of the proposed class by reviewing pleadings, holding joint calls with and without counsel

- 4 -

as needed, among other things. Furthermore, we have instructed counsel to provide us with quarterly updates on the progress of the litigation, and to provide interim updates or as frequently as is necessary to keep us abreast of litigation developments.

12.    Based on the Pension Funds' experience serving as lead plaintiff alongside other institutions and our coordination to date, we do not believe any disagreements will arise that cannot be resolved through discussion and collaboration between our funds. Further, we are completely aligned in our objective to maximize the recovery for investors through this litigation. However, in the unlikely event that any disputes arise, we will engage in thorough discussion with each other and our counsel to come to a resolution.

13.    We understand that it is the lead plaintiff's obligation under the PSLRA to select qualified lead counsel and to supervise lead counsel's prosecution of this case to ensure that the Action is prosecuted without unreasonable expense or cost. We have instructed counsel that this Action should be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understands our mandate.

14.    We are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with and overseeing counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings as necessary, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure and hereby reaffirm that the Action will be vigorously prosecuted consistent with the PSLRA's lead plaintiff obligations and in the best interests of the class.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

- 5 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge.

DATED: 9/26/25

Amy Wojciechowski
Plan Administrator
*Local 705 International Brotherhood of*
*Teamsters Pension Fund*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: _____9/25/25_____

Daniel J. Greene
Executive Director
*New England Teamsters Pension Fund*