**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUHAMMAD KHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, JAMES D. TAICLET, EVAN T. SCOTT, and JESUS MALAVE,<br><br>Defendants. | Case No. 1:25-cv-06197-MMG |

**MEMORANDUM OF LAW IN SUPPORT OF IAN BENNETT'S MOTION FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Ian Bennett ("Bennett"), submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Bennett as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Bennett's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities who purchased or otherwise acquired Lockheed Martin Corporation ("Lockheed Martin" or the "Company") securities between January 23, 2024 and July 21, 2025, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Bennett is the "most adequate plaintiff" as defined by the PSLRA.

Bennett believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Bennett satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

1

provision, Bennett respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Bennett's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Lockheed Martin is an aerospace and defense company principally engaged in the research, design, development, manufacture, integration and sustainment of advanced technology systems, products, and services.

On October 22, 2024, before the market opened, Lockheed Martin announced it was forced to recognize losses of $80 million on a classified program at the Company's Aeronautics business segment "due to higher than anticipated costs to achieve program objectives." The Company also announced it had recognized a reach-forward loss in its Rotary and Mission Systems segment "as a result of additional quantity ordering risk identified on fixed-price options."

On this news, the Company's share price fell $37.63, or 6.12%, to close at $576.98 on October 22, 2024, on unusually heavy trading volume.

Then, on January 28, 2025, before the market opened, Lockheed Martin announced it was forced to record pre-tax losses of $1.7 billion associated with classified programs at its Aeronautics and Missiles and Fire Control business. The Company explained "as a result of performance trends" and "in contemplation of near-term program milestones," it had "performed a comprehensive review of the program requirements, technical complexities, schedule, and risks" based on which it recognized $555 million of losses in its Aeronautics program. The Company further reported additional losses of approximately $1.3 billion in its Missiles and Fire

2

Control business due to, among other things, the "future requirements of the program, discussions with the customer and suppliers." As a result, the Company's net earnings in 2024 were $5.3 billion, or $22.31 per share, compared to $6.9 billion, or $27.55 per share, in 2023.

On this news, the Company's share price fell $46.24, or 9.2%, to close at $457.45 on January 28, 2025 on unusually heavy trading volume.

Then, on July 22, 2025, before the market opened, Lockheed Martin disclosed it was forced to record an additional $1.6 billion in pre-tax losses on classified programs, including $950 million in losses related to its Aeronautics Classified program due to "design, integration, and test challenges, as well as other performance issues." The Company also recorded $570 million in losses on its Canadian Maritime Helicopter Program due in part to providing "additional mission capabilities, enhanced logistical support, fleet life extension, and revised expectations regarding flight hours." The Company further recorded a $95 million charge related to its Turkish Utility Helicopter Program due to the "current status of the program." As a result, the Company reported sharply lower net earnings of $342 million, or $1.46 per share, including $1.6 billion of program losses and $169 million of other charges.

On this news, the Company's share price fell $49.79, or 10.8%, to close at $410.74 on July 22, 2025, on unusually heavy trading volume.

The complaint filed in this class action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, and/or failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Lockheed Martin lacked effective internal controls regarding its purportedly risk-adjusted contracts, including the reporting of its risk-adjusted profit booking rate; (2) that Lockheed Martin lacked effective procedures to perform reasonably

3

accurate comprehensive reviews of program requirements, technical complexities, schedule, and risks; (3) that Lockheed Martin overstated its ability to deliver on its contract commitments in terms of cost, quality and schedule; (4) that, as a result, the Company was reasonably likely to report significant losses; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

## III.  ARGUMENT

### A.  Bennett Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Bennett satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Bennett has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Bennett is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Bennett respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Bennett Filed a Timely Motion

Bennett has made a timely motion in response to a PSLRA early notice. On July 28, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Ian Bennett's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Bennett had sixty days (*i.e.*, until September 26, 2025) to file a motion to be appointed as lead plaintiff. Bennett is the plaintiff in this action. And as a purchaser of Lockheed Martin securities during the Class Period, Bennett is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Bennett attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Bennett satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Bennett Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Bennett believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Bennett purchased Lockheed Martin shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of $37,771.21. *See* Linkh Decl., Ex. C. To the best of his knowledge, Bennett is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest and is otherwise adequate. As such, Bennett believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Bennett Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Bennett's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Bennett's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Bennett alleges that Defendants' material misstatements and omissions concerning Lockheed Martin's business, operations, and financial prospects violated the federal securities laws. Bennett, like all members of the class, purchased Lockheed Martin securities in reliance on Defendants' alleged misstatements and omissions and were damaged

thereby. Accordingly, Bennett's interests and claims are "typical" of the interests and claims of the class.

### b)      Bennett Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Bennett has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Bennett resides in Mesa, Arizona, and has been managing his own investments for approximately 6 years. Bennett is semi-retired and has a bachelor's degree from Miami University in Oxford, Ohio. Bennett is not aware of any conflict between his claims and those of the class. As such, Bennett is adequate to represent the class and should be appointed as lead plaintiff.

### B.      The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Bennett has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be

assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Bennett respectfully requests that the Court grant his Motion and enter an Order (1) appointing Bennett as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 26, 2025    **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
          clinehan@glancylaw.com
          prajesh@glacnylaw.com

*Counsel for Ian Bennett and Proposed Lead*
*Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for Ian Bennett certifies that this brief contains 2,487 words, which complies with the word limit of L.R. 7.1(c).

*/s/ Gregory B. Linkh*
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On September 26, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 26, 2025, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh