UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MUHAMMAD KHAN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:25-cv-06197-MMG |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
|  | : | MEMORANDUM OF LAW IN SUPPORT |
| vs. | : | OF MOTION FOR APPOINTMENT AS |
|  | : | LEAD PLAINTIFF AND APPROVAL OF |
| LOCKHEED MARTIN CORPORATION, | : | LEAD PLAINTIFF'S SELECTION OF |
| JAMES D. TAICLET, EVAN T. SCOTT, and | : | LEAD COUNSEL |
| JESUS MALAVE, | : | |
|  | : | |
| Defendants. | : | |

4916-2436-6956.v1

## I.      INTRODUCTION

This action is brought on behalf of purchasers of Lockheed Martin Corporation ("Lockheed Martin" or the "Company") securities between January 23, 2024 and July 21, 2025, inclusive (the "Class Period"), against Lockheed Martin and certain of its executive officers for violations of the Securities Exchange Act of 1934 (the "Exchange Act").  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action.  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund (the "Pension Trust Fund") respectfully submits that it is the presumptively most adequate plaintiff in this case because it filed a timely motion in response to a notice, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Trust Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Lockheed Martin is an aerospace and defense company that engages in the research, design, development, manufacture, integration, and sustainment of technology systems, products, and services.  Lockheed Martin stock trades on the New York Stock Exchange under the ticker LMT.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Lockheed Martin lacked effective internal controls regarding its purportedly risk adjusted contracts including the reporting of its risk adjusted

4916-2436-6956.v1

profit booking rate; (ii) the Company lacked effective procedures to perform reasonably accurate comprehensive reviews of program requirements, technical complexities, schedule, and risks; (iii) Lockheed Martin overstated its ability to deliver on its contract commitments in terms of cost, quality, and schedule; and (iv) as a result, the Company was reasonably likely to report significant losses.

On October 22, 2024, Lockheed Martin announced it was forced to recognize losses of $80 million on a classified program at the Company's Aeronautics business segment "due to higher than anticipated costs to achieve program objectives." ECF 1 at ¶3. Lockheed Martin also announced it had recognized a reach-forward loss in its Rotary and Mission Systems segment "as a result of additional quantity ordering risk identified on fixed-price options." *Id.* On this news, the price of Lockheed Martin stock fell more than 6%.

Then, on January 28, 2025, Lockheed Martin announced it was forced to record pre-tax losses of $1.7 billion associated with classified programs at its Aeronautics and Missiles and Fire Control business, explaining that "as a result of performance trends" and "in contemplation of near-term program milestones," the Company had "performed a comprehensive review of the program requirements, technical complexities, schedule, and risks" based on which it recognized $555 million of losses in its Aeronautics program. ECF 1 at ¶5. On this news, the price of Lockheed Martin stock fell more than 9%, further damaging investors.

### III.    ARGUMENT

#### A.    The Pension Trust Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

4916-2436-6956.v1

First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in the action was published on July 28, 2025. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Pension Trust Fund meets these requirements and should be appointed Lead Plaintiff.

### 1.    The Pension Trust Fund's Motion Is Timely

The July 28, 2025, statutory notice advised purported class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by September 26, 2025. *See* Rosenfeld Decl., Ex. A. Because the Pension Trust Fund's motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

- 3 -

4916-2436-6956.v1

### 2. The Pension Trust Fund Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, the Pension Trust Fund suffered more than $77,560 in losses as a result of defendants' alleged violations of the federal securities laws. *See* Rosenfeld Decl., Exs. B, C. To the best of the Pension Trust Fund's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Pension Trust Fund Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "[A]t this early stage in the litigation, courts need only consider whether the prospective lead plaintiff satisfies the typicality and adequacy prongs of Rule 23." *Hoare v. Oddity Tech Ltd.*, 2024 WL 4987089, at *3 (S.D.N.Y. Dec. 5, 2024). "'Movants can demonstrate typicality by showing that their claims "arise from the same conduct from which the other class members' claims and injuries arise."'" *Id.* (citation omitted). "'A presumptive lead plaintiff is adequate if they (1) have no conflict of interest with the other members of the class, (2) have sufficient interest in the outcome of the case, and (3) have selected counsel that is qualified, experienced, and generally able to conduct the litigation in question.'" *Id.* (citation omitted).

Here, the Pension Trust Fund's claims are typical of those of the class because – like all other members of the class – the Pension Trust Fund purchased Lockheed Martin stock during the Class Period, was negatively affected by defendants' alleged false and misleading statements and omissions, and suffered damages therefrom. The Pension Trust Fund therefore satisfies the typicality requirement of Rule 23.

4916-2436-6956.v1

The Pension Trust Fund is also adequate because its interests in the action are squarely aligned with the interests of the other members of the class. The Pension Trust Fund is highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses the Pension Trust Fund suffered.

Having recovered hundreds of millions of dollars serving as lead plaintiff and class representative in securities class actions, the Pension Trust Fund fully understands the obligations of a lead plaintiff to absent class members under the PSLRA and is willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. *In re Lucent Techs., Inc. Sec. Litig.*, No. 2:00-cv-00621-JAP-MCA (D.N.J.) (Pension Trust Fund recovering over $500 million for investors serving as lead plaintiff); *In re Computer Assocs. Sec. Litig.*, No. 2:02-cv-01226-TCP (E.D.N.Y.) (Pension Trust Fund recovering over $130 million serving as representative plaintiff).

The Pension Trust Fund is a West Virginia-based multi-employer defined benefit plan, managing hundreds of millions of dollars in assets on behalf of thousands of participants who work in various trades. The Pension Trust Fund is well-equipped to direct the prosecution of this action as it has a full-time staff, as well as legal personnel who have already expended, and will continue to expend, the time and resources necessary to diligently supervise this litigation. Indeed, the Pension Trust Fund is precisely the type of sophisticated institutional investor that Congress intended to empower to lead complex securities class actions, like the current action: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly

4916-2436-6956.v1

benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001). Accordingly, the Pension Trust Fund readily satisfies the adequacy requirement.

Finally, as set forth in greater detail below, the Pension Trust Fund's adequacy is bolstered by its hiring of Robbins Geller – highly qualified counsel with significant success prosecuting federal securities class actions – to serve as lead counsel.

Because the Pension Trust Fund filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

## B.    The Court Should Approve the Pension Trust Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Trust Fund has selected Robbins Geller to serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at *8 (S.D.N.Y. June 1, 2023) ("The Court has reviewed Robbins Geller's firm resume, which sets forth its extensive

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

experience representing plaintiffs in class actions and profiles the partners and other attorneys who have led those representations."); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[2]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is

- 7 -

4916-2436-6956.v1

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation. Accordingly, the Pension Trust Fund's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Pension Trust Fund satisfies each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Pension Trust Fund respectfully requests that the Court grant its motion.

DATED:  September 26, 2025                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ROBERT M. ROTHMAN


_s/ David A. Rosenfeld_
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
rrothman@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

---

the largest securities class action recovery in the Tenth Circuit); _In re HealthSouth Corp. Sec. Litig._, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4916-2436-6956.v1

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 2,434 words.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

4916-2436-6956.v1