**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUHAMMAD KHAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> LOCKHEED MARTIN CORPORATION, JAMES D. TAICLET, EVAN T. SCOTT, and JESUS MALAVE, <br><br> Defendants. | Case No. 1:25-cv-06197-MMG <br><br> Judge Margaret M. Garnett <br><br> <u>CLASS ACTION</u> <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF THE PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

1

Proposed Lead Plaintiff the Pension Funds[1] respectfully submit this Memorandum of Law in further support of their Motion for appointment as Lead Plaintiff and approval of selection of Labaton as Lead Counsel; and in opposition to all competing movants.[2]  In recognition that the Pension Funds have the largest financial interest of any movant and are otherwise adequate to represent the Class, all competing movants have withdrawn their motion for Lead Plaintiff appointment or filed a notice of non-opposition to the appointment of the Pension Funds.  *See* ECF Nos. 35, 37, 38, 39, 41.  Therefore, the Pension Funds' motion is unopposed.

## **PRELIMINARY STATEMENT**

The Pension Funds are the most adequate plaintiff under the PSLRA and should be appointed Lead Plaintiff.  With losses of *$235,581*, the Pension Funds unquestionably have the largest financial interest of any movant.  Further, Local 705 and New England Teamsters each individually suffered losses far exceeding the competing movants.  The Pension Funds also satisfy the typicality and adequacy requirements of Rule 23.  The Pension Funds are typical of the Class because they transacted in Lockheed securities and were harmed thereby once the artificial inflation was removed from the price of the securities.  The Pension Funds are likewise adequate as they lack any antagonism towards absent Class members and have selected Labaton, a nationally recognized securities class action firm, as proposed Lead Counsel for the Class.  *See City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.,* 269 F.R.D. 291, 297 (S.D.N.Y.

---

[1] All definitions and abbreviations used herein remain unchanged from the Pension Funds' initial moving brief, unless otherwise indicated.  *See* ECF No. 15.  All citations and internal quotations are omitted, and all emphasis is added, unless noted.

[2] In addition to the Pension Funds, five other investors filed for Lead Plaintiff appointment on September 26, 2025.  ECF Nos. 11, 13, 20, 22, 25, 28.  Each of those investors has subsequently withdrawn their motion or filed a notice of non-opposition to the competing motions.  *See* ECF Nos. 35, 37, 38, 39, 41.

2010) (finding adequacy requirement satisfied where movant selected "competent and experienced counsel").  In addition, the Pension Funds submitted sworn Certifications and a Joint Declaration affirming their willingness to be Lead Plaintiff and their desire and commitment to oversee the prosecution and zealously represent the interests of the Class.  *See* ECF Nos. 16-1 & 16-3.

Thus, in accordance with the PSLRA, the Pension Funds are entitled to a strong presumption that they are the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Further, no movant has submitted or will be able to submit the requisite "proof" to rebut this presumption.  *Id.* § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (noting that the fact that the presumption is "rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient" and that "the statute provides that the presumption may be rebutted only upon proof.").  As a result, the PSLRA's "sequential" review process dictates that the Court's inquiry begins and ends with the Pension Funds.  *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.").

## ARGUMENT

### I.  THE PENSION FUNDS SHOULD BE APPOINTED AS LEAD PLAINTIFF

The Pension Funds respectfully submit that they are the presumptively "most adequate plaintiff" because they have complied with the PSLRA's procedural requirements, possess the largest financial interest of any qualified movant, and otherwise satisfy Rule 23's typicality and adequacy requirements.  *See Rosi v. Alcaris Therapeutics, Inc.*, 2019 WL 5778445, at \*2-4 (S.D.N.Y. Nov. 6, 2019) (appointing movant with largest financial interest who also made *prima facie* showing of typicality and adequacy).

A.      **The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class**

The Pension Funds have, without a doubt, the largest financial interest in the relief sought by the Class.  Courts in this Circuit have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation.  *See Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").  As demonstrated by the following chart, the loss of each competing movant is much smaller than that of the Pension Funds:

| MOVANT[3] | LOSS[4] |
|---|---|
| Local 705 | ($151,220) |
| New England Teamsters (Common stock) | ($83,704) |
| New England Teamsters (Bonds) | ($657) |
| | |
| **Pension Funds' Loss** | **($235,581)** |
| ~~Employer-Teamsters Local Nos. 175 & 505~~ | ~~($77,560)~~ |
| ~~Emmanuel Salmon~~ | ~~($46,148)~~ |
| ~~Ian Bennett~~ | ~~($37,771)~~ |
| ~~Alejandro Vega~~ | ~~($14,878)~~ |
| ~~Robert O. Catching-Potter~~ | ~~($2,324)~~ |

Further, with losses of $151,220 and $84,361, respectively, each individual member of the Pension Funds has by far the largest loss of any competing movant.  Courts in this District consistently appoint movant groups that include a group member with a loss larger than that of any competing movant.  *See, e.g.*, *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (appointing a group lead plaintiff where the group members had the largest and second largest

---

[3] Loss figures taken from the loss charts accompanying each respective movant's initial motion. ECF Nos. 14-2, 16-2, 21-3, 30-3, 31-3, 32-1.

[4] Certain movants are shown in struck-through text because, in recognition that the Pension Funds have the largest financial interest of any movant and are otherwise adequate to represent the Class, they have withdrawn their motions for Lead Plaintiff appointment or filed a notice of non-opposition to the appointment of the Pension Funds.  *See* ECF Nos. 35, 37, 38, 39, 41.

individual losses of any of the competing movants); *Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021) (same); *Peters v. Jinkosolar Holding Co.*, Ltd., 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (appointing movant group that includes "the class members with, far and away, the largest financial interest of any individual or group (that has otherwise come forward)"). In addition to asserting significantly greater losses, the Pension Funds also purchased more shares of Lockheed stock than any other movant.[5] *See, e.g., Foley v. Transocean Ltd.,* 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (holding that the movant with the largest loss also had the largest financial interest). As such, there can be no credible dispute that the Pension Funds have "the largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### B.    The Pension Funds Satisfy the Requirements of Rule 23

In addition to suffering the largest loss, the Pension Funds also satisfy the PSLRA's preliminary showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."). Indeed, "a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation.]" *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, 2007 WL 2363610, at *4 (S.D.N.Y. Aug. 16, 2007). Here, the Pension Funds unquestionably satisfy both requirements.

---

[5] In additional to shares of Lockheed stock, New England Teamsters also purchased Lockheed bonds.

### 1.    The Pension Funds Are Typical

The Pension Funds are typical to the Class as a whole and not subject to any potentially disqualifying unique defenses. *See* ECF No. 15 at 6-7. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise." *Plaut* v. *Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *3 (S.D.N.Y. Sept. 19, 2019). Additionally, Rule 23 does not require the lead plaintiff to be identically situated with all class members to satisfy the typicality requirement. *Id*. (noting that "claims need not be identical").

The Pension Funds claims are typical of the Class as a whole. The Pension Funds suffered losses on their investments in Lockheed securities as a result of their reliance on Defendants' alleged misstatements and/or omissions. Therefore, the Pension Funds' claims are based on the same course of events as the claims of the Class and will rely upon the same legal theories as the Class as a whole. Thus, the Pension Funds satisfy the typicality requirement.

### 2.    The Pension Funds Are Adequate

The Pension Funds also satisfy Rule 23's adequacy requirement. *See* ECF No. 15 at 7-8. In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Salinger v. Sarepta Therapeutics, Inc.*, 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019).

Here, given their significant losses, the Pension Funds are strongly motivated to vigorously act as an advocate and fiduciary on behalf of the Class and are well equipped to oversee counsel in this regard. Further, the Pension Funds have demonstrated their adequacy through the selection

6

of Labaton, a firm with decades of experience successfully litigating securities class actions, as their proposed Lead Counsel for the Class. *See* ECF No. 16-5. Further, there is no conflict of interest between the Pension Funds' interests and those of the other Class members. To the contrary, the interests of the Pension Funds and other Class members are directly aligned because all suffered damages from their purchases of Lockheed securities at prices artificially inflated by Defendants' misconduct.

Additionally, the Pension Funds are sophisticated institutional investors committed to achieving the best possible result for the Class and possess the experience, resources, and capability necessary to oversee this complex litigation and their counsel. *See* ECF No. 15 at 8-10. The Pension Funds, which oversee billions of dollars in assets, are the paradigmatic Lead Plaintiff envisioned by Congress. *See* H.R. Conf. Rep. No. 103-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving quality of representation in securities class actions"); *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs").

Based on the foregoing, the Pension Funds, as the movants with the largest financial interest who also satisfy the typicality and adequacy requirements of Rule 23, are entitled to appointment as Lead Plaintiff.

### C.    The Presumption That The Pension Funds Should Be Appointed Lead Plaintiff Cannot Be Rebutted

To overcome the presumption entitling the Pension Funds to appointment as Lead Plaintiff, the PSLRA requires the remaining Lead Plaintiff movants to present "proof" that they are inadequate to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook,*

*Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"). No other movant has submitted or will be able to submit the required "proof" that the Pension Funds fail on typicality or adequacy grounds. Therefore, the Pension Funds are entitled to appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof").

## II.     THE COMPETING MOTIONS SHOULD BE DENIED

As the Pension Funds are the unrebutted and unopposed presumptive PSLRA Lead Plaintiff in this case, the plain language of the statute mandates the Pension Funds' appointment and the denial of the competing motions. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status."). Therefore, the competing Lead Plaintiff motions should be denied.

## CONCLUSION

For the foregoing reasons, the Pension Funds respectfully request the Court grant their motion and enter an Order: (1) appointing the Pension Funds as Lead Plaintiff; (2) approving the Pension Funds' selection of Labaton as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED:  October 10, 2025

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville
Connor C. Boehme
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for the Pension Funds and Proposed Lead Counsel for the Class*

9

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Lead Plaintiff Movants the Pension Funds, certifies that this Memorandum of Law in support of the Pension Funds' Motion contains 1817 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

DATED:  October 10, 2025

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com