USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MUHAMMAD KHAN, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

-against-

LOCKHEED MARTIN CORPORATION, JAMES D. TAICLET, EVAN T. SCOTT, and JESUS MALAVE,

        Defendants.

---

25-CV-06197 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Muhammad Khan brings this class action lawsuit against Lockheed Martin Corporation ("Lockheed Martin") and three of its current and former officers alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Presently before the Court is the unopposed motion of Local 705 International Brotherhood of Teamsters Pension Fund and New England Teamsters Pension Fund (collectively the "Pension Funds") for appointment as Lead Plaintiff. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Lockheed Martin is an aerospace and defense company principally engaged in the research, design, development, manufacture, integration and sustainment of advanced technology systems, products, and services. Dkt. No. 1 ¶ 2. In October 2024, January 2025, and July 2025, Lockheed Martin announced pre-tax losses that were followed by drops in the company's share price. *Id.* ¶¶ 3–8. On August 28, 2025, Plaintiff filed this class action on behalf of a putative class of shareholders who acquired Lockheed Martin securities between January 23, 2024 and July 21, 2025. *Id.* ¶ 1. Plaintiff alleges that during this period, Defendants made positive

1

statements about the Company's business, operations, and prospects that were materially misleading and/or lacked a reasonable basis. *Id.* ¶ 9. Plaintiff further alleges that Defendants failed to disclose to investors that Lockheed Martin: (1) lacked effective internal controls regarding its purportedly risk-adjusted contracts; (2) did not have effective procedures to perform accurate comprehensive reviews of program requirements, technical complexities, schedule, and risks; (3) overstated its ability to deliver on its contract commitments; and (4) was reasonably likely to report significant losses as a result. *Id.* Plaintiff claims that the class members have suffered significant losses and damages as a result of this alleged conduct. *Id.* ¶ 10.

Notice of this action was published in *Business Wire* on July 28, 2025. Dkt. No. 16-4. On September 26, 2025, the Pension Funds and five other investors filed motions for appointment as lead plaintiff. *See* Dkt. Nos. 11, 13, 20, 22, 25, 28. All movants besides the Pension Funds subsequently withdrew their motions or filed notices of non-opposition to the Pension Funds' motion. *See* Dkt. Nos. 35, 37, 38, 39, 41. On October 10, 2025, the Pension Funds filed a memorandum of law in further support of their motion. Dkt. No. 42.

## DISCUSSION

### I.  LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 ("PSLRA") outlines a multi-step process for the appointment of a lead plaintiff. *See* 15 U.S.C. §§ 78u-4(a)(1)–(3)(B)(i). First, no later than 20 days after initiating an action, the plaintiff must publish a notice to the class "of (1) the pendency of the action, (2) the claims asserted therein, (3) the purported class period, and (4) the right to move the court to be appointed as lead plaintiff within 60 days of the publication of the notice." *Brownbridge v. TFI Int'l Inc.*, No. 25-CV-02159 (ER), 2025 WL 2476314, at *2

(S.D.N.Y. Aug. 28, 2025).[1]  Second, individuals or groups who wish to be considered for lead plaintiff must file an appropriate motion within the 60-day timeframe.  *Id.*  Third, within 90 days of the publication of the class notice, the Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth a rebuttable presumption "that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons" who (i) filed the complaint or moved for appointment as lead plaintiff; (ii) has the largest financial interest in the action, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23.  *Id.* §§ 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).

## II. ANALYSIS

### A. The Pension Funds' Motion is Timely

"The PSLRA requires a plaintiff who files a complaint to publish, in a widely circulated business-oriented publication or wire service, a notice advising members of the purported class of the pendency of the action, the claims asserted therein, and the purported class period and permits that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  *Brownbridge*, 2025 WL 2476314, at *2.  Glancy Prongay & Murray LLP, on behalf of named plaintiff Muhammad Khan, filed notice of this case in Business Wire on July 28, 2025, *see* Dkt. No. 16-4, and the Pension Funds moved for appointment as lead plaintiff 60 days later, on September 26, 2025, *see* Dkt. No. 13.  Accordingly, the Pension Funds' motion is timely under the PSLRA.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

### B. The Pension Funds are a Proper Group

Where, as here, a group of unrelated investors seek appointment as lead plaintiff, the Court must assess whether "the unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015). To make this determination, courts look to "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *May v. Barclays PLC*, No. 23-CV-02583 (LJL), 2023 WL 5950689, at *9 (S.D.N.Y. Sept. 13, 2023).

As evidenced by the joint declaration submitted by the Pension Funds, Dkt. No. 16-3, these factors weigh in favor of the Pension Funds' joint appointment as lead plaintiff. The declaration demonstrates that the Pension Funds have concrete "plans for cooperation" in this litigation, *May*, 2023 WL 5950689, at *9, and sets forth a plan for exercising joint-decision-making and collaboration, which involves advance review of filings, quarterly conference calls, and dedicated staff at each fund to review major filings, Dkt. No. 16-3 ¶ 10. The declaration also demonstrates that the Pension Funds have already effectively collaborated: it explains that the Pension Funds convened a joint conference call to discuss the case and litigation strategy and to formalize their leadership of the action. *Id.* ¶ 9. Finally, the declaration notes that the Pension Funds are "like-minded sophisticated institutional investors" that have experience serving as lead plaintiffs. *Id.* ¶¶ 5, 12. Together, these statements satisfy the second, third, and fourth of the relevant factors. As to the first and fifth factors, the extent of the investors' pre-existing relationship is not clear and both investors appear to have been identified by counsel. *See id.* ¶ 4. However, the Pension Funds have sufficiently demonstrated that they "will be able to function

4

cohesively and to effectively manage the litigation apart from their lawyers" such that their appointment as a group is proper. *Khunt*, 102 F. Supp. 3d at 533. Furthermore, "demonstrated cooperation among plaintiffs, particularly plaintiffs that are sophisticated institutional investors, satisfies concerns about designating groups as lead plaintiffs that are in fact dominated by counsel." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009).

### C. The Pension Funds Have the Largest Financial Interest in the Litigation

To determine the person or group of persons with the largest financial interest in the litigation, courts typically look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *City of Hollywood Firefighters' Pension Fund v. ASML Holding N.V.*, No. 24-CV-08664 (NRB), 2025 WL 743986, at *2 (S.D.N.Y. Mar. 6, 2025). Of these factors, the approximate loss suffered by the movant carries the most weight. *Manchin v. PACS Grp., Inc.,* No. 24-CV-08636 (LJL), 2025 WL 460775, at *3 (S.D.N.Y. Feb. 11, 2025). Here, the Pension Funds suffered a loss of $235,581 with each individual fund suffering a respective loss of $151,220 and $84,361. Dkt. No. 42 at 4. Both collectively and individually, the Pension Funds suffered a loss larger than any other movant. *Id.* Accordingly, the Pension Funds have the largest financial interest in the litigation.

### D. The Pension Funds Satisfy the Rule 23 Requirements

Once the lead plaintiff with the largest financial stake in the litigation has been identified, the Court must determine whether the prospective lead plaintiff satisfies the requirements of Federal Rule of Civil Procedure 23. *Nixon v. CVS Health Corp.*, No. 24-CV-05303 (MMG), 2024 WL 4987425, at *5 (S.D.N.Y. Dec. 5, 2024). At this stage in the litigation, the lead

plaintiff need only satisfy Rule 23's typicality and adequacy prongs.  *Id.*  The Pension Funds easily satisfy both.

The typicality requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) (quoting *Reimer v. Ambac Fin. Grp., Inc.*, No. 08-CV-01273 (NRB), 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008)).  The Pension Funds satisfy this requirement because (i) they purchased Lockheed Martin securities during the relevant period; (ii) in reliance on the statements alleged to be false and misleading; and (iii) suffered damages as a result.  Dkt. No. 15 at 7; *see also Varghese*, 589 F. Supp. 2d at 397 (finding that a prospective lead plaintiff satisfied the typicality requirement where (1) "he purchased [Defendant's] stock during the Class Period; (2) he purchased shares in reliance on [Defendant's] misrepresentations; and (3) he suffered damages as a result.").

The Pension Funds also satisfy the adequacy requirement.  "A presumptive lead plaintiff is adequate if they (1) [have] no conflict of interest with the other members of the class, (2) [have] sufficient interest in the outcome of the case, and (3) [have] selected counsel that is qualified, experienced, and generally able to conduct the litigation in question."  *May*, 2023 WL 5950689, at *18.  Here, there is no apparent conflict of interest between the Pension Funds and the other members of the class; the Pension Funds have a clear financial interest in the litigation; and they have selected counsel experienced in prosecuting securities class actions.  Dkt. No. 15 at 8.  Such a showing is sufficient to satisfy the adequacy requirement.  *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *4 (S.D.N.Y. Apr. 4, 2018) (holding that a lead plaintiff satisfied the adequacy requirement where he "retained well-qualified and

experienced counsel, his degree of losses suggests he will have a sufficient interest in advocating on behalf of the putative class members, and there is no reason to believe that his claims would be subject to any unique defenses").

### E. Labaton is Appointed Class Counsel

"The PSLRA instructs that upon appointing a lead plaintiff, he or she 'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Varghese*, 589 F. Supp. 2d at 398 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015). The Pension Funds have selected Labaton Keller Sucharow ("Labaton") to represent them. Dkt. No. 16-3 ¶ 1. Courts in this district have recognized Labaton as having "substantial experience in the prosecution of securities class actions and the representation of defrauded investors." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 41 (S.D.N.Y. 2012). Labaton also submitted a firm resume describing its significant experience in securities class action litigations. Dkt. No. 16-5. Given its substantial experience and the presumption in favor of a qualified lead plaintiff's selection of counsel, Labaton is well-qualified to serve as class counsel and the Court will approve its selection.

### CONCLUSION

For the aforementioned reasons, the Pension Funds' motion for appointment as lead plaintiff and approval of selection of lead counsel is GRANTED. The parties shall jointly submit a proposed schedule for the items set forth in Dkt. No. 10 within **14 days** of this order.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 11, 13, 20, 22, 25, and 28.

Dated: October 24, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge