**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUHAMMAD KHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, JAMES D. TAICLET, and JESUS MALAVE,<br><br>                Defendants. | No. 1:25-cv-06197-MMG<br><br>Judge Margaret M. Garnett<br><br>CLASS ACTION<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS'**
**MOTION TO STRIKE CERTAIN EXHIBITS FROM DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

Lead Plaintiffs 705 International Brotherhood of Teamsters Pension Fund and New England Teamsters Pension Fund (collectively, "Lead Plaintiffs") respectfully submit this memorandum of law in support of Lead Plaintiffs' motion to strike certain exhibits from Defendants'[1] Motion to Dismiss[2] ("MTD") the Amended Class Action Complaint (the "Complaint," ECF No. 52), filed concurrently herewith.

## I.   INTRODUCTION

The Second Circuit has long recognized that at the motion to dismiss stage, a court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). In connection with the MTD, Defendants rely on 32 extrinsic documents to construct a counter-factual narrative that contradicts the Complaint's well-pled factual allegations. *See* Decl. of Kristina A. Bunting, Exs. 2-33 (ECF Nos. 56-2 through 56-33).

Defendants improperly rely on their constellation of exhibits, most of which fall outside the four corners of the Complaint, to proffer an alternative set of facts consisting of irrelevant, unsubstantiated, and contradictory information. However, bedrock law dictates that if a Court considers extrinsic materials, it can only be used to show that the "information . . . was publicly available, not for the truth of the matters asserted therein." *Garber v. Legg Mason Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009). Accordingly, and for the reasons stated herein, Lead Plaintiffs

---

[1] Defendants are Lockheed Martin Corporation ("Lockheed" or the "Company"), James D. Taiclet ("Taiclet"), and Jesus Malave ("Malave") ("Defendants").

[2] "MTD" refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 55). Citations to "¶" or "¶¶" refer to paragraphs in the Amended Complaint (ECF No. 52). Citations to "Ex." refer to the exhibits attached to the Declaration of Kristina A. Bunting (ECF No. 56). Unless otherwise noted, all emphasis has been added and internal quotation marks omitted throughout.

respectfully request the Court: (i) decline to notice the challenged documents; or (ii) consider them only as to their existence—not for the truth of facts conveyed therein.

## II.    LEGAL STANDARD

On a motion to dismiss, Defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). A motion to dismiss may draw only on the complaint's: (i) allegations, (ii) documents attached or incorporated by reference, or (iii) documents "upon which [the complaint] solely relies and which [are] integral to the complaint." *Id*. Even in a situation "where public records [] are integral to a fraud complaint [but] are not attached to it, the court . . . is permitted to take judicial notice of those records" but "only to determine what the documents stated," and "not to prove the truth of their contents." *Id.* at 509; *In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2021 WL 4341500, at *1 n.2 (S.D.N.Y. Sept. 22, 2021) (considering public records "'not for the truth of the matters asserted therein,' but only 'for the fact that the statements were made'").

Moreover, even when courts take judicial notice of documents attached to a motion to dismiss, they should "continue[] to draw all reasonable inferences in the [plaintiff's] favor." *SEC v. Ripple Labs, Inc.*, 2022 WL 762966, at *1 n.1 (S.D.N.Y. Mar. 11, 2022). Other than the limited categories of documents that a Court may take judicial notice of, "it is generally not appropriate for a court, on a motion to dismiss, to consider information or documents extrinsic to the complaint." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013).

## III.    ARGUMENT

Defendants rely on numerous exhibits in the MTD to construct an alternative factual narrative. Specifically, Defendants impermissibly seek judicial notice of certain SEC reports (Exs. 2-14), press releases (Exs. 17-18), transcripts of investor presentations and earnings calls (Exs. 26,

2

27, 29, 30), an excerpted government report (Ex. 32), and a *Breaking Defense* article (Ex. 33), solely to dispute facts of the Complaint and ask the Court to accept their new facts as true. This is improper, and as such, the foregoing exhibits should be either: (i) disregarded or (ii) considered only to determine what the documents stated—not for the truth of the matter asserted therein.

A.    **The Court Should Not Consider Certain SEC Reports – Exhibits 2-14 – Relied Upon by Defendants for the Truth of the Matter Asserted**

Defendants impermissibly submit excerpts of Lockheed's annual and quarterly reports to support their preferred narrative. Most pre- or post-date the Class Period (January 23, 2024 through July 21, 2025) (Exs. 2-6, 13-14) or are not incorporated by reference in the Complaint (Exs. 7-9). That these reports are "not attached to the [C]omplaint or incorporated by reference" is alone sufficient grounds for denial. *In re Bausch & Lomb, Inc. Sec. Litig.*, 2003 WL 23101782, at \*17 (W.D.N.Y. Mar. 28, 2003). Yet more problematic is how Defendants wield the SEC reports—as a means to rebut the Complaint's pre-discovery factual allegations. *See Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 436 (S.D.N.Y. 2022) ("[W]hen a court takes judicial notice of a document on a motion to dismiss, it should generally do so only to determine what statements the documents contain not for the truth of the matters asserted").

*Exhibits 2, 3, 4, 7, 9, 10, and 12 are used for the truth of the matter asserted to rebut the falsity of the Aeronautics Program statements*: Defendants use these exhibits to argue that the earlier disclosure of performance issues, reach forward losses, and nebulous warnings of potential future losses negate falsity. MTD at 4, 9, 10. This is improper insofar as it seeks to establish the truth of Defendants' factual conclusion that investors were provided all material information leading up to the nearly $1.5 billion in Aeronautics charges—a conclusion in direct contention with the Complaint.

3

***Exhibits 5, 7, and 8 are used for the truth of the matter asserted to rebut the falsity of the MFC Program statements*:** Defendants offer these exhibits to argue that prior cautions about the classified MFC Program's potential future charges negate falsity for Defendants' repeated assurances that 2024 MFC Program losses were capped at $325 million. *Id.* at 6, 7, 18. This is improper.

***Exhibits 6, 8, and 9 are used for the truth of the matter asserted to rebut the falsity of the F-35 Program statements*:** Defendants contend that pre-Class Period disclosures regarding TR-3 related delays and the risk of protracted negotiations extinguish the Complaint's claims of falsity for later-in-time statements. *Id.* at 8,[3] 22. Once more Defendants improperly use these documents to rebut the Complaint's factual allegations and inferences drawn therefrom that investors were not adequately informed as to the deteriorating negotiations, cost overruns, and imminent financial impacts.

***Exhibits 8, 9, 10, 11, 13, and 14 are used for the truth of the matter asserted that losses and financial impacts were recorded at the earliest possible time*:** Defendants assert through these exhibits that any financial impacts from the Aeronautics, MFC, and F-35 Programs were based on "recent developments" and thus timely incurred in a manner that renders no prior statements false. MTD at 4-7, 12, 15, 20. For example, Defendants ask the Court to accept as true factual propositions that directly contradict the Complaint's allegations—like it was only in January 2025 that it became probable that all fixed price options in the MFC Program would be exercised. MTD at 7. This is an improper use of extrinsic materials. The Court may notice what such documents said only, not for the truth of the matter asserted that program charges were discovered and

---

[3] Please note the scrivener's error in the MTD with respect to Exhibit 6—the document was issued in July 2023, not July 2024. *Compare* MTD at 8 *with* MTD Ex. 6.

recorded at the earliest available time. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424-25 (2d Cir. 2008) (considering SEC filings only for the fact that they "contained certain information" and not "for the truth of the matter asserted").

Accordingly, the Court should not consider Exhibits 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 for the truth of the matter asserted therein.

**B.     The Court Should Not Consider Certain Press Releases – Exhibits 17 and 18 – Relied Upon by Defendants for the Truth of the Matter Asserted**

Defendants rely on Exhibit 17 (a Lockheed press release announcing Defendant Malave's departure to "pursue other opportunities") and Exhibit 18 (Boeing press release announcing Defendant Malave as incoming CFO) to advance the narrative that Defendant Malave's departure had nothing to do with the Complaint's allegations. MTD at 26-27. Defendants ask the Court to accept as true that Malave left solely for another job, rather than merely noticing what the press releases stated. This directly contravenes the Complaint's well-pled allegations that Malave's departure was connected to his false and misleading statements about the Company's control over rising costs and fixed-price risks. ¶¶214-18. At the pleading stage, the Court must credit the Complaint's allegations—not Defendants' preferred narrative drawn from press releases. *See Staehr*, 547 F.3d at 424-25.

**C.     The Court Should Not Consider Certain Transcripts – Exhibits 26, 27, 29, and 30 – Relied Upon by Defendants For the Truth of the Matter Asserted Therein**

Defendants improperly rely on four conference transcripts, Exhibits 26, 27, 29, and 30, for the truth of the matter asserted—namely that Defendants' pre-corrective disclosure statements regarding future financial impacts constituted all material information required to be disclosed at that time. In each instance, Defendants ask the Court to accept these characterizations as true to negate falsity—conclusions directly contested by the Complaint.

5

Defendants rely on Exhibit 26 (the Q3 2024 earnings call) to argue that Defendant Malave's MFC loss guidance constituted adequate warnings. MTD at 6-7, 18. It is also used for the truth of the matter asserted that TR-3 maturity issues and Lots 18-19 negotiations were entirely unrelated. MTD at 8. Defendants rely on Exhibit 27 (UBS conference transcript, December 2024) to assert that statements that the Aeronautics Program still carried risk and that future MFC losses might occur were adequate warnings that disclosed all material information. MTD at 4-5, 7, 20. Defendants rely on Exhibit 29 (TD Cowen conference transcript, February 2025) to establish that Malave's characterization of prior reach forward losses as based on "the most conservative estimate of [] risk" was factually true. MTD at 5.

Exhibit 30 is a Bank of America Securities conference transcript from May 2025 not mentioned in the Complaint and should be disregarded on those grounds alone. Moreover, Defendants use it to improperly assert as true that Lockheed adequately acknowledged "additional cost pressure" on the Aeronautics program, and such warning provided all material information to investors. MTD at 5. ¶¶166-75, 183-84.

Accordingly, Exhibit 30 should be disregarded, and Exhibits 26, 27, and 29 should not be considered for the truth of the matter asserted therein.

### D. The Court Should Not Consider Certain Articles or Reports – Exhibits 32 and 33 – Relied Upon by Defendants, For the Truth of the Matter Asserted Therein

Finally, Defendants rely on Exhibit 32, an excerpted May 2023 GAO report on the F-35 program, and Exhibit 33, a June 2023 *Breaking Defense* article about TR-3 delays, to establish as fact that TR-3 delivery issues were publicly known before the Class Period. Defendants cite Exhibit 32 for the proposition that TR-3 flight testing was "about a year later than planned" and Exhibit 33 to assert that TR-3-equipped F-35s "will not be accepted" by the Pentagon. MTD at 7-8. From these premises, Defendants argue that their later statements could not have been

6

misleading. *Id.* at 7-8, 22. This use is improper. These documents may be noticed only for what they stated—not as proof that investors were adequately informed of the severity of TR-3 delays. *See Roth*, 489 F.3d at 509; *Staehr*, 547 F.3d at 424-25. Whether investors were adequately informed is a factual question that cannot be resolved at the pleading stage. Moreover, neither exhibit is cited in or incorporated by reference in the Complaint, and the Court should decline to consider them. *See City of Austin Police Ret. Sys.*, 957 F. Supp. 2d at 287.

## IV.    CONCLUSION

For the foregoing reasons, to the extent Defendants seek to establish the truth of the facts asserted therein, the Court should decline to consider Exhibits 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 18, 26, 27, 29, 30, 32, and 33.

Dated: April 27, 2026                           Respectfully Submitted,

**LABATON KELLER SUCHAROW LLP**

By: */s/ Michael P. Canty*
Michael P. Canty
James T. Christie
Nicholas D. Manningham
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477
mcanty@labaton.com
jchristie@labaton.com
nmanningham@labaton.com

*Counsel for Lead Plaintiffs*

## <u>LOCAL RULE 7.1(C) CERTIFICATION</u>

I, James T. Christie, hereby certify that this memorandum of law complies with the word-count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York and contains 2,090 words, exclusive of the caption, table of contents, table of authorities, signature blocks, and this certificate.

DATED:          April 27, 2026
                New York, New York

                                          /s/ *James T. Christie*
                                          James T. Christie

8